AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>CURTIS FLEMING<br><br>Defendant(s) | )<br>)<br>) Case No.<br>)     6:19-mj- 1556<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  June 25, 2019 & August 1, 2019  in the county of  Orange  in the  Middle  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2) and (a)(5)(B) | Distribution and possession of child pornography. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Michelle Langer, Special Agent
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 08/01/2019

_____
Judge's signature

City and state:  Orlando, Florida

EMBRY J. KIDD, U.S. Magistrate Judge
_____
Printed name and title

STATE OF FLORIDA                      CASE NO. 6:19-mj- 1556

COUNTY OF ORANGE

## AFFIDAVIT

I, Michelle Langer, being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been since March 2017. Before becoming a Special Agent, I was employed with the FBI since September 2014, serving in multiple capacities. I am currently assigned to the FBI Violent Crimes Against Children Task Force.

2. I have received specialized training concerning investigations of sex crimes, child exploitation, child pornography, and computer crimes. I have also investigated and assisted in the investigation of matters involving the possession, receipt, distribution, and production of child pornography. During the course of my training and investigations, I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. Moreover, I am an SA who is engaged in enforcing the criminal laws, including 18 U.S.C. § 2252A(a).

3. I have participated in various training courses concerning the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography. Additionally, I have participated in the execution of search warrants involving searches and seizures of computers, computer equipment, software, and electronically stored information.

4. This affidavit is submitted in support of a criminal complaint against CURTIS LEE FLEMING (FLEMING) for violations of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B). As set forth in more detail below, I believe there is probable cause that FLEMING knowingly distributed and possessed child pornography using a means or facility of interstate commerce, or knowingly distributed and possessed child pornography that had been transported in interstate commerce by any means, including by computer, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B).

5. I make this affidavit from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from other law enforcement officers, information from agency reports, and our review of documents provided to me by these witnesses and law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact learned during the course.

## STATUTORY AUTHORITY

6. It is a violation of 18 U.S.C. § 2252A(a)(2) to knowingly receive or distribute child pornography, as defined in 18 U.S.C. § 2256(8), using any means or facility of interstate commerce, or in or affecting interstate commerce. It is a violation of 18 U.S.C. § 2252A(a)(5) to knowingly possess child pornography, as defined in 18 U.S.C. § 2256(8), using any means or facility of interstate commerce, or in or affecting interstate commerce.

## DETAILS OF THE INVESTIGATION

2

7. On June 20, 2019, FBI SA Rod Hyre used a Peer-to-Peer file sharing program known as Bittorrent Roundup to determine that a computer using IP address 72.238.133.32 was making available for download certain files of suspected child pornography.

8. On June 25, 2019, SA Hyre completed a single-source download from IP address 72.238.133.32 of numerous files of child pornography. The following describes three of these files:

   a. *(Pthc) 6Yo Babyj - Bedtime Rape* - An approximately 65-second video showing a nude female (approximately 6 years old) being vaginally penetrated by an adult male. The video ends with the male ejaculating into the child's vagina.

   b. *2012 anal girl man pthc sound* - An approximately 82-second video showing a young female nude (approximately 3 or 4 years old) from the waist down being anally penetrated by an adult male.

   c. *12 yo girl raped* - an approximately 101-second video showing a nude female (approximately 12 years old) tied in foot and ankle restraints and being anally and vaginally penetrated by an adult male.

9. I reviewed the downloaded files from the undercover session and believe, based on my training and experience, that the three aforementioned files are child pornography as defined in 18 U.S.C. § 2256.

10. I determined that the IP address 72.238.133.32 resolved to Charter Communications. A subpoena was served to Charter for the IP address 72.238.133.32 to obtain certain subscriber information in effect as of June 22, 2019.

11. The following information was obtained in the subpoena response from Charter Communications:

3

      Customer name:    J.F.

      Address:           XXXX Fort Jefferson Blvd., Orlando, FL 32822

### SEARCH WARRANT/INTERVIEW

12.    On August 1, 2019, the FBI executed a search warrant at Fort Jefferson Blvd., Orlando, FL 32822. At approximately 6:45 a.m., F.F. (FLEMING's mother) answered the front door of the residence. SA Hyre and I asked F.F. to step out of the residence and asked whether husband J.F. was at home. F.F. informed SA Hyre and I that J.F. had just left for work.

13.    As the search team continued to execute the search warrant at the residence, SA Hyre, FBI Task Force Officer Bill Erwin, and I made contact with J.F. in the parking lot outside his place of employment. J.F. was cooperative with the agents and agreed to allow them to preview his cell phone, which did not contain child pornography. J.F. stated that he had knowledge of Bittorrent and how the program worked, but has not used the program for approximately ten years.

14.    SA Hyre asked what service provider he used for internet service at home, and J.F. responded, "Spectrum" (a brand name that Charter Communications uses). J.F. also acknowledged that the residence has a secure network. During this interview, J.F. disclosed that his son CURTIS FLEMING has been living at the residence since April 2019.

15.    FLEMING is currently working for the Transportation Security Administration (TSA) at the MCO airport. SA Hyre, TFO Erwin, and I made

4

contact with FLEMING at the airport. Before the interview, FLEMING was advised that he was not under arrest, he did not have to answer our questions, and he was free to leave. FLEMING agreed to speak to interviewing agents.

16. During the interview, FLEMING admitted to using a Bittorrent file-sharing program to view child pornography. FLEMING used his desktop computer to view and download child pornography inside his residence at Fort Jefferson Boulevard.

17. FLEMING stated that he was familiar with the Bittorrent program and understood that he both received and shared child pornography with others using Bittorrent.

18. FLEMING stated that he viewed and masturbated to the videos and images of child pornography that he downloaded, then deleted the files. FLEMING stated that he last viewed and masturbated to child pornography yesterday (i.e. July 31, 2019). FLEMING stated that he has been viewing and masturbating to child pornography since he was approximately 14 years old. He is currently 34 years old.

19. FLEMING was not sure exactly when he began viewing child pornography, but he stated that his attraction to children began when he was a child, and it never left him.

20. FLEMING first started viewing child pornography on 4chan, an internet forum. FLEMING used Bittorrent in order to find pornography and child pornography.

21. FLEMING stated that he had attempted to stop viewing child pornography numerous times over the last 20 years, but he has been unsuccessful and "digressed" each time.

22. FLEMING directed the FBI to his desktop computer in his bedroom, within the residence on Fort Jefferson Boulevard. The desktop computer was connected to an external storage device or hard drive.

23. The FBI conducted an on-site forensic preview and found located multiple videos and images of child pornography that had been downloaded to FLEMING's hard drive. Below is a description of three of the videos located on FLEMING's desktop computer, in allocated space:

> a. *Bestility dog girl oral pthc webcam* – a video showing a female (approximately 8 or 9 years old) performing oral sex on a dog. Her genitals are exposed, and the video ends with the female attempting to engage in vaginal intercourse with the dog.
>
> b. *Girl masturbation sound TSC webcam* – a video showing a female (approximately 6 to 9 years old) masturbating in front of a camera.
>
> c. *1 anal catgoddess girl man pthc sound* – a video of a young female (6 to 8 years old) on her hands and knees, being penetrated by an adult male from behind.

24. Based on the above, there is probable cause that, FLEMING knowingly distributed and possessed child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5).

_____
Michelle Langer, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
this 1st day of August, 2019.

_____
Embry J. Kidd
United States Magistrate Judge